Filed 2/24/15  P. v. Kearney CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW SCOTT KEARNEY,<br><br>    Defendant and Appellant. | C076400<br><br>(Super. Ct. No. CRF134506) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

On November 2, 2013, defendant Andrew Scott Kearney was in West Sacramento knowingly in possession of a usable amount of methamphetamine and knew its value as a narcotic substance. In addition, defendant had been previously convicted of residential burglary and served a prior prison term.

A complaint charged defendant with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1), and false representation of identity to a police officer (Pen. Code, § 148.9, subd. (a)).[1] The complaint also alleged defendant had three prior strike convictions (§ 667, subd. (d)) and had served five prior prison terms (§ 667.5, subd. (b)). Defendant pleaded no contest to possession of a controlled substance and admitted he had one or more prior strike convictions and had served a prior prison term. The trial court dismissed the remaining counts and allegations. The trial court sentenced defendant in accordance with the plea to an aggregate term of five years in state prison and ordered defendant to pay a restitution fund fine of $300 (§ 1202.4), a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5), a penalty assessment of $150, a drug program fee of $150 (Health & Saf. Code, § 11372.7), a penalty assessment of $450, a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). The trial court awarded defendant 236 days of presentence custody credit. The trial court denied defendant's request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable

---

[1] Undesignated statutory references are to the Penal Code.

issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

        HULL        , J.

We concur:

        BLEASE        , Acting P. J.

        BUTZ        , J.